8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERQUEST CORPORATION, Plaintiff-Appellant,
v.
ILIFF, THORN & COMPANY, Richard C. Thomas, aka: Dick
Thomas; Kevin P. Armstrong; Domenico Brown &
Lavoie, Inc.; Alfred John Di Domenico,
aka: Alfred J. Domenico,
Defendants-Appellees.
 No. 92-55143.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Nov. 3, 1993.
 
 1
 Before: SKOPIL, HALL, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Interquest appeals the district court grant of defendants' motion for summary judgment. We affirm. The district court correctly concluded that there is no triable issue of fact that Interquest acted as a broker and not as a finder in the unsuccessful transaction. Accordingly, Interquest's contract claims are barred under Cal.Bus. & Prof.Code § 10136 (West 1987). We conclude that Interquest's fraud claims are also barred by section 10136, pursuant to the rational in Hydrotech Systems v. Oasis Waterpark, 277 Cal.Rptr. 517, 52 Cal.3d. 999 (1991).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3